UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BERNARDO FRANCO FERRO,

      Petitioner,

    v.                                 Case No.:  2:26-cv-00694-SPC-DNF

WARDEN, SOUTH FLORIDA
DETENTION FACILITY,

      Respondent,

/

## OPINION AND ORDER

Before the Court is Bernardo Franco Ferro's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 11).  For the below reasons, the Court grants the petition.

Franco Ferro is a native and citizen of Colombia.  He is an industrial engineer and entrepreneur who developed a public profile by promoting innovation and youth entrepreneurship programs to foster economic opportunity and social mobility.  Franco Ferro began receiving threats from guerilla groups associated with political factions in Colombia who were ideologically opposed to his work.  The threats compelled Franco Ferro to leave Colombia.  He entered the United States on a B1/B2 visa on September 6, 2018, and applied for asylum in August 2019.  The application remains pending. Franco Ferro has complied with all immigration requirements, maintained

lawful employment, and paid taxes.  He has strong family ties in the Unted States—including U.S. citizen relatives—and no criminal record.

On January 15, 2016, Border Patrol conducted a traffic stop of Franco Ferro's vehicle for the purpose of an immigration inspection.  The agents arrested Franco Ferro and turned him over to Immigration and Customs Enforcement ("ICE").  ICE claims it issued a notice to appear on January 15, 2026, but it did not file it with the immigration court until March 10, 2026, four days after Franco Ferro filed his habeas petition.

ICE now concedes Franco Ferro is entitled to a bond hearing if he requests one, and it asks the Court to deny the petition because Franco Ferro has not exhausted his administrative remedies.  Too little, too late.  At the time Franco Ferro filed his habeas petition, he had spent 50 days in ICE detention with no removal case pending and no means of seeking administrative relief. He was in administrative limbo.  8 C.F.R. § 1236.1 authorizes certain immigration officers to issue a warrant of arrest after the issuance of a notice to appear, and it authorizes the district director to make initial custody determinations.  None of that occurred here.  "The suggestion that government agents may sweep up any person they wish without consideration of dangerousness or flight risk, so long as the person will, at some unknown future date, be allowed to ask some other official for his or her release, offends the ordered system of liberty that is the pillar of the Fifth Amendment."

2

*Gonzalez v. Joyce*, No. 25 Civ. 8250 (AT), 2025 WL 2961626, at *5 (S.D. N.Y. Oct. 19, 2025).

Given the unrefuted evidence regarding Franco Ferro's background and the complete lack of due process afforded to him, the Court sees little sense in making him jump through administrative hoops ICE made available only after he filed a habeas petition.  Immediate release is the most appropriate remedy here.

Accordingly, it is hereby **ORDERED**:

Bernardo Franco Ferro's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1)    The respondents shall release Franco Ferro within **12 hours** of this Order, and they shall facilitate his transportation from the detention facility by notifying his sister, Sandra Viviana Franco Ferro, when and where he may be collected.  She has provided the following phone number and email address: (786) 479-4110, svff52255@gmail.com.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 25, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

3